JAMES M. BUTLER, respondent,

*v.*

EDWARD FARRY et al., appellants.

[Submitted March 27th, 1905. Decided March 5th, 1906.]

1. A deed, absolute on its face, was given by a husband and wife to a trustee, to secure him and others who were liable on a note of the husband. On a bill to foreclose the deed as a mortgage—*Held*, that the wife's inchoate right of dower was subject to lien only to the extent that the amount to be secured was made known to her at the time the deed was executed.

2. Where a deed in the nature of a mortgage is made to a trustee, the *cestuis que trustent* are necessary parties to a bill to foreclose the deed as a mortgage, at least if they are known, and are not so numerous as to make it impossible or highly inconvenient to include them as parties.

On appeal from a decree of the court of chancery.

*Mr. Warren Dixon,* for the appellants.

*Mr. Frank P. McDermott* and *Mr. Edmund Wilson,* for the respondent.

The opinion of the court was delivered by

SWAYZE, J.

The complainant seeks to foreclose a deed in the nature of a mortgage made to him as trustee. The controversy is as to the amount of the indebtedness secured by the deed. The defendant claims that it was given to secure $3,000 only, of which $1,500 has been paid; the complainant that it was to secure additional advances to a large amount. The vice-chancellor sustained the claim of the complainant.

As far as the interest of the defendant Edward Farry is concerned, we agree with the vice-chancellor, but we think he went too far in subjecting the inchoate right of dower of Louise Farry to the whole amount of her husband's debt.

Since it is conceded that the deed was only a mortgage, it was incumbent upon the complainant to prove, not only the execution of the deed by Mrs. Farry, but also that the amount to be secured thereby was made known to her. There is no evidence upon this point except that of Mr. and Mrs. Farry. The master who took the acknowledgment testified only that he informed them that the instrument was a deed to James M. Butler, trustee. Mr. Farry testified that he said to his wife that it was given as security for $3,000. Mrs. Farry testified that when the master asked her if she understood the contents of the deed she answered that she did; that it was a deed made by Mr. Farry and herself to James M. Butler and others as security for a note of $3,000.

We think that Mrs. Farry's inchoate right of dower is subject to lien only to the extent of the amount remaining unpaid of this $3,000.

In case of a sale of the land under the decree this amount, with interest and costs, must be first paid out of the proceeds of sale. The balance is subject to Mrs. Farry's right of dower. The decree must be reversed for this reason.

There is another difficulty as the case now stands. The deed was made to Butler as trustee for himself and others, who were liable upon the $3,000 note intended to be secured. At the time the bill was filed a balance still remained due upon this note, which was then held by the Citizens' National Bank of Long Branch. A few months after the bill was filed the bank recovered a judgment against Butler, Farry and four other persons who were parties to the note, and this judgment was assigned by the bank to Butler. The answer set up a defect of parties by reason of the failure to join Butler's *cestuis que trustent* as parties. The vice-chancellor thought this point was not well taken, for the reason that the debt as to them had been paid. But the fact is, as already stated, that the debt had been reduced to judgment, which, as far as appears, is uncanceled, and now.

belongs to Butler himself, and which gives him an equitable, if not a legal, claim against the other defendants.

It has been decided by this court that to a bill to foreclose a mortgage made to a trustee the *cestuis que trustent,* as well as the trustee, should be made parties, when they are known, and are not so numerous as to make it impossible or highly inconvenient to include them as parties.  *Tyson* v. *Applegate, 40 N. J. Eq. (13 Stew.) 305.*

In the present case there is the greater necessity for bringing in the *cestuis que trustent,* because the instrument sought to be foreclosed as a mortgage is upon its face an absolute deed.  The trustee concedes that it is in the nature of a mortgage, but the *cestuis que trustent* may contend to the contrary, and they are entitled to be heard upon that point.  They may be brought in by proper proceedings in the court of chancery.  *Smith* v. *Gaines, 39 N. J. Eq. (12 Stew.) 545, 550.*

The decree must be reversed and the record remitted for further proceedings in conformity with this opinion.

*For affirmance*—None.

*For reversal*—The Chief-Justice, Dixon, Garrison, Fort, Garretson, Pitney, Swayze, Bogert, Vredenburgh, Vroom, Green, Gray—12.